ZELL v. JUDGES OF CIRCUIT COURT OF UNITED STATES FOR EASTERN DISTRICT OF VIRGINIA.

(Circuit Court of Appeals, Fourth Circuit. November 14, 1906.)

No. 713.

COURTS—JURISDICTION OF CIRCUIT COURT OF APPEALS.—WRIT OF PROHIBITION.
    A Circuit Court of Appeals has no power to issue a writ of prohibition as an original or independent proceeding, but only in aid of its own jurisdiction, which is wholly appellate, and, except in cases of petitions for review in bankruptcy proceedings, can only be invoked by an appeal or writ of error. Nor can it issue such writ as ancillary to a contemplated appeal or writ of error.

    [Ed. Note.—Jurisdiction of Circuit Court of Appeals in general, see note to Law Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

On Petition for Writ of Prohibition.

The following are the petition and exhibits referred to in the opinion:

"The supplemental petition of Frank D. Zell respectfully shows unto the Court:

"(1) That since the filing of his original petition for a writ of prohibition and the granting by this honorable court of the rule to show cause why a writ of prohibition should not issue (which said rule was granted at or about 3 o'clock on November 9, 1906), the Honorable Edmund Waddill, Jr., sitting in the Circuit Court of the United States for the Eastern District of Virginia, at or about 5:30 o'clock p. m. on November 9, 1906, announced in open court certain conclusions reached by him in the matter of Fink v. Bay Shore Terminal Company, and directed that there should be filed of record in said cause a certain memorandum (a copy of which is annexed hereto marked 'Exhibit A') and four decrees, copies of which are annexed hereto, marked 'Exhibits 1, 2, 3, and 4,' respectively. As recited in said memorandum, said decrees were 'filed to the end that such use may be made of them as may be thought proper.' The decree marked 'Exhibit 1,' relating to the refusal of the court to dismiss the restraining order granted against your petitioner and others, and granting an injunction against them was dated November 8, 1906 (his honor, Judge Waddill, having on November 8, 1906, orally announced in open court that the motion of Frank D. Zell to dismiss the restraining order aforesaid was denied, and an injunction against him granted); the three other decrees and the memorandum accompanying the same being dated November 9, 1906.

"(2) That upon the announcement of the said conclusions and the filing of the said memorandum, and for instruments in the form of decrees by his honor, Judge Waddill, one or more of the counsel engaged in the cause asked Judge Waddill to state whether, the decrees not being signed, they were intended and to be treated as the orders and decrees of the court in regard to the matters and things therein ordered and directed, to which inquiry Judge Waddill replied in substance and effect that the papers aforesaid spoke for themselves, and that he did not desire to make any further statement in regard to them.

"(3) That upon the handing down of the memorandum and decrees aforesaid, counsel for your petitioner stated in open court that he desired on behalf of your petitioner to take appeal.

"(4) That on November 10, 1906, your petitioner's counsel requested his honor, Judge Waddill, at chambers, to enter of record an order showing the refusal of the court to permit your petitioner to file the petition, a copy of which is annexed to the original petition addressed to your honorable court and marked "Exhibit D," which petition in effect prayed the lower court for leave to intervene in the case of Fink v. Bay Shore Terminal Company, to the end that your petitioner and William E. Fritz might be heard upon a motion to dismiss the said cause. At the same time counsel for your petitioner presented a draft of an appropriate order. His honor, Judge Waddill, declined to receive or to sign such order, or any other order in the premises, stating, in substance and effect, that, having handed down the memorandum and other papers herein before referred to, he was unwilling to sign any other orders or decrees so long as the prohibition proceedings were pending.

"(5) Your petitioner further shows to your honors that he is now, and since obtaining the evidence of the collusive agreement referred to in the original petition presented to your honorable court, and the exhibits thereto attached, always has been, ready and willing to show to the satisfaction of the Circuit Court of the United States for the Eastern District of Virginia the facts relating to said collusive and wrongful agreement, and has been, and still is, ready and willing to produce the proof of his allegations in such manner and at such times as to said court seemed most convenient and proper; that he is ready and willing to produce evidence of said facts before a special master, appointed by said Circuit Court, or by this court, to examine the same, or to prove said facts by affidavits, or otherwise, as this court, or the said Circuit Court, may deem most fitting and proper.

"Wherefore your petitioner renews his prayer to your honorable court for a writ of prohibition and such alternative or further relief as to your honorable court may seem right and just and necessary to protect the rights of your petitioner in the premises.

"And your petitioner will ever pray, etc.

"[Signed]                                                Frank D. Zell."

### Exhibit A.

#### "Memorandum.

"Waddill, District Judge: This case has been under argument and consideration for the last two days before the undersigned upon the question of the right to allow Frank D. Zell to appear herein and file a certain petition and answer and certain exceptions to the confirmation of the report of sale, and upon the motion for confirmation of the sale of the property made herein on the 3d day of May last; it having been understood, at the instance of Zell's counsel, that the question of confirmation of sale would not be acted upon until this time. After elaborate argument, the case was finally submitted for determination at 4:30 o'clock this evening, and, having reached a conclusion upon each of the four questions, the court prepared its decree carrying out the same. At 4 o'clock, when in the preparation of the last decree, a rule for a writ of prohibition was handed the court, one of the provisions which in effect suspends further action in the case. Having reached the conclusion and drawn the decrees carrying out the same before the prohibition proceeding was known, the said four decrees are herewith filed, as they embody the court's views and conclusions as to what should be done in the premises, and what is necessary to be done, unless the rights of practically all the parties in interest, including the purchasers, involving hundreds of thousands of dollars, are to be sacrificed and imperiled.

"These papers are filed to the end that such use may be made of them as is thought proper; the court having given its best judgment to the cause, with full knowledge of the facts and circumstances surrounding it from inception to the present time.

"Edmund Waddill, Jr., U. S. District Judge.

"Richmond, Va., Nov. 9th, 1906."

Exhibit 1.

"In the United States Circuit Court for the Eastern District of Virginia.

"Charles E. Fink and Others v. Bay Shore Terminal Company. In Equity.

"Upon Ancillary Petition of B. W. Leigh and M. C. Ferebee.

"This cause came on this day to be heard upon the ancillary petition aforesaid, filed by B. W. Leigh and M. C. Ferebee, stakeholders, on the 24th day of April, 1906, raising certain questions respecting the ownership and use of some of the mortgage bonds of said defendant company, decreed to be used in payment of the property of the defendant company by decree of sale thereof heretofore entered in the original cause; upon the temporary restraining order awarded on said 24th day of April, 1906, upon said petition, against Frank D. Zell and Edward B. Smith & Co., returnable before this court on the 17th day of May, 1906; upon the motion of Frank D. Zell, made the 12th day of May, 1906, pursuant to notice thereof, to vacate said temporary restraining order, and upon motion on said day of said petitioners Leigh & Ferebee to grant said injunction, which said motions to vacate said restraining order, and to grant said injunction were fully heard on said 12th day of May, 1906, and that day submitted to the court; upon the petition aforesaid, and exhibits therewith filed, and the following papers filed by the parties, respectively, that is to say: In behalf of said Leigh and Ferebee, the answer and cross-bill of Edward B. Smith & Co., affidavits of B. W. Leigh, J. A. X. Groner, W. C. Cobb, W. T. Simcoe, and a paper purporting to be a copy of the bill filed by A. L. Sweeney. in the law and equity court of the city of Norfolk; and in behalf of the said Frank D. Zell. his own affidavit, together with a supplemental affidavit, the affidavit of William L. Royall and of Malcolm J. Lloyd, and upon the arguments of counsel. And the court, being fully advised of its judgment in the premises, doth on this 8th day of November, 1906, refuse to vacate the temporary restraining order granted as aforesaid on the 24th day of May, 1906, and doth grant the injunction prayed for; that is to say, the court doth adjudge, order, and decree that Frank D. Zell, his agents, attorneys, and servants, and all others, be enjoined and restrained, until the further order of the court herein, from instituting or prosecuting in any other jurisdiction any suit or proceeding against said petitioners on account of his (said Zell's) claim to certain bonds of the Bay Shore Terminal Company in the hands of the said petitioners. Leigh and Ferebee, and especially from prosecuting the suit now pending in the court of common pleas No. 4, Philadelphia county, Pennsylvania, against said petitioners and others, being cause in equity pending in said court No. 2,774, instituted at the March term, 1906, of said court.

"And the court doth further adjudge, order, and decree that Edward B. Smith & Co., a partnership consisting of Edward B. Smith, Frank E Bond, George W. Norris, John S. Jenkins, Jr., and Edward J. MacVicar, be likewise enjoined and restrained from instituting or prosecuting in any other jurisdiction any suit or proceedings on account of their claim to the ownership of the bonds in said petition mentioned, until the further order of the court.

"———————————, United States Judge.

"Richmond, November 8th, 1906."

Exhibit 2.

"In the United States Circuit Court for the Eastern District of Virginia.

"Charles E. Fink and Others v. Bay Shore Terminal Company. In Equity.

"Upon Ancillary Petition of B. W. Leigh and M. C. Ferebee.

"This day came Frank D. Zell, one of the defendants named in the ancillary petition of B. W. Leigh and M. C. Ferebee filed herein on the 24th day of May, 1906, raising certain questions as to the ownership and use of certain mortgage bonds of the defendant company in payment of the property of the defendant company theretofore decreed to be sold in the original suit, and moved the court to allow him to file his answer to said petition, which answer was presented to the court on the 8th day of November, 1906, after the announcement of the court's decision on the application for injunction heretofore heard and submitted, being the paper presented to Judge Pritchard and

referred to in his order of October 12, 1906, to the filing of which the petitioners Leigh and Ferebee objected, but the court granted said Zell's motion, and his answer is accordingly filed, with leave to the petitioners to make such defenses thereto, by replication, exception, or otherwise, as they may be advised. —————————, U. S. Judge.

"Richmond, Va., November 9, 1906."

Exhibit 3.

"In the United States Circuit Court for the Eastern District of Virginia.

"Charles E. Fink and Others v. Bay Shore Terminal Company. In Equity.

"This day came Frank D. Zell, and moved the court to allow him to file a certain petition herein presented to the court on yesterday, the 8th day of November, 1906, being the paper presented to Judge Pritchard and referred to in his order of October 12th, 1906, setting up the fact that he is a large bondholder and stockholder of the defendant company, and in which said petition he seeks to intervene herein for the purpose of raising the question of the jurisdiction of the court, in that, as he avers, the bill, though appearing to be filed by a citizen of Maryland and for a sum within the jurisdiction of this court, was collusively instituted in fraud of the court's jurisdiction; and the said Zell further moved the court to permit him to file exceptions to the confirmation of the sale of the property and franchises of said defendant, made on the 3d day of May last, pursuant to the final decree of foreclosure entered in this cause on the 17th day of March, 1906; the confirmation of such sale having in the meantime been suspended because of the effort on the part of the said Zell to intervene in this cause, and which application on his part was only recently pending in the Supreme Court of the United States, and since the dismissal of said appeal at his request.

"To the right of said Zell to appear herein to file said petition and make such exceptions to the confirmation of the sale the trustee in the mortgage under which he claims to hold bonds, the defendant corporation, the holders of $200,000 of receiver's certificates, and parties representing sundry other indebtedness of the defendant company and obligations of the receivers, objected, and was fully argued by counsel.

"Whereupon, the court doth decline to allow said Zell to appear herein, or to entertain his said petition or exceptions, for the following, among other, reasons:

"First. That said Zell has been before the court by representation through the trustee under the mortgage practically from the inception of this cause; that he is a pendente lite purchaser, who acquired his interest only a short time before the sale of the property; that his said trustee, and the person from whom he bought, his privy, have all along been parties to these proceedings, particularly including the contracting of debts of several hundreds of thousands of dollars for the benefit of the property, whereby the road was completed and made valuable and salable; and that he is estopped to make his present plea, especially in view of the fact that this court, the Circuit Court of Appeals for this circuit, and the Supreme Court of the United States, have in this cause, all within six months last past, denied his right of intervention herein.

"Second. That said Zell, not being a party to the cause, has no right to appear herein for the purpose of excepting to the confirmation of the sale.

"Third. That the averments set forth in his said petition constituting a latent infirmity of the jurisdiction of the court, by reason of the alleged unlawful conduct of some of the parties hereto in connection with the institution of the same, are not sufficient in themselves, under the facts and circumstances of this case, in which a final decree has long since been entered, to justify the court in entertaining the petitioner's request; and this is particularly true, since the rights of a large number of persons, who are legally entitled to sue in this court, have intervened herein upon the faith of the validity of the proceedings and because of the court's being in exclusive possession and control of the property of the defendant company, as well as a large number of persons who have contracted obligations with the court in connection with the construction and operation of the property for three years last past, all of

whose rights would be disastrously affected and destroyed by complying with the prayer of said petition; and the said petitioner is therefore denied the right of appearance and to file said petition, or to make said exceptions, without prejudice to any lawful right he may have in the premises.

"————————, U. S. Judge.

"Richmond, Va., Nov. 9, 1906."

Exhibit 4.

"In the United States Circuit Court for the Eastern District of Virginia.

"Charles E. Fink and Others v. Bay Shore Terminal Company. In Equity.

"This cause came on this day to be heard upon the report of sale of the special commissioners appointed by the final decree entered herein on the 17th day of March last, to make sale of the property, estate, and franchises of the defendant company, filed herein on the 7th day of May last, upon the supplementary report and affidavits filed, and upon the motion of the defendant company, the Atlantic Trust & Deposit Company, trustee in the mortgage, and Wright & Snyder, holders of $200,000 of receiver's certificates heretofore issued herein, to confirm the sale to Edward B. Smith & Co., of said property, estate, and franchises, so made on the 3d day of May last, at the price of $765,000, to the granting of which motion said Edward B. Smith & Co., by counsel present in court, makes no objection, and was argued by counsel. On consideration whereof, the court being satisfied that the price at which the property was struck out to said Smith & Co. was a most excellent one, and that there is the utmost urgency why the sale, a confirmation of which has been suspended for the last seven months, should be passed upon, it is adjudged, ordered, and decreed that the said reports of said special commissioners and the sale therein reported to have been made to the said E. B. Smith & Co. be in all respects approved and confirmed.

"And the court doth further adjudge, order, and decree that the said Edward B. Smith & Co. pay, and the said special commissioners do receive, the balance of the purchase price of said property, the same to be applied in accordance with the terms of said sale, as prescribed in the decree entered herein on the 17th day of March, 1906.                    ————————, U. S. Judge.

"Richmond, Va., Nov. 9, 1906."

Charles H. Burr, Reynolds D. Brown, and William L. Royall, for petitioner.

Lawrence D. Groner and Tazewell Taylor, for respondents.

Before GOFF, Circuit Judge, and BRAWLEY and McDOWELL, District Judges.

GOFF, Circuit Judge. This case is fully stated in the petition, the exhibits filed therewith, and also in the answer tendered thereto. Should the writ of prohibition, as prayed for by petitioner, be issued by this court? The act creating it provides that it shall have the powers specified in section 716 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 580], which sets forth that the Supreme Court and the Circuit and District Courts of the United States shall "have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." When this petition was filed there was no proceeding of an appellate character pending in this court, relating to the case referred to by it, concerning which any auxiliary writ was necessary for the exercise of the appellate jurisdiction of this court—a court created by a statute which makes it only a court of appeals, and gives it no original jurisdiction.

The petitioner complains, saying that, at the time he filed his petition, the Circuit Court for the Eastern District of Virginia had not signed and caused to be entered of record the decrees he alleged said court had announced that it would enter. The answer to the rule to show cause discloses that said Circuit Court had prepared the decrees so referred to, which embodied the views as announced by the judge of the court, and which would have been entered as part of the record of said cause but for the fact that said court was restrained from proceeding further therewith by the rule of this court to show cause. When said decrees are entered, the petitioner will certainly have the right to appeal to this court from the decree granting the injunction, complained of by him, and it may be that then this court will find it necessary to use some auxiliary writ for the purpose of effectually exercising its appellate jurisdiction.

We are of the opinion that every case of which this court can take jurisdiction, except petitions relating to bankruptcy proceedings, must be brought to it by either appeal or writ of error. It has no power to issue the writ of prohibition as an original or independent proceeding, and it has no right to issue it as ancillary to a contemplated writ of error or appeal, though it is quite apparent that cases may present themselves, after a writ of error or appeal has been perfected, in which it would not only be proper but absolutely necessary that such writ should issue in aid of its jurisdiction. While it is quite likely that the Circuit Court for the Eastern District of Virginia will enter the decrees it has so formulated, when it has the opportunity so to do, still it does not follow that it will do so, and it may be that it will so modify them that petitioner will not complain concerning them, or may so change them that petitioner may deem it best to go to an appellate court with other assignments of error regarding them. But, be that as it may, the only way this court can review them is by appeal after they have been passed upon by that court.

For the reasons mentioned, we do not find it to be our duty to now issue in this matter the extraordinary writ of prohibition. The rule to show cause will therefore be dismissed, and the writ asked for will be refused.